(C.D. 4309)

Eisenberg & Co. USA Agency, Inc. *v.* United States

Port of New York, Court Nos. 68/41211, etc., on electrical equipment

(Dated December 22, 1971)

*Rode & Qualey* (*John S. Rode* of counsel) for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General (*Andrew P. Vance,* trial attorney), for the defendant.

Richardson, Judge: Plaintiff moves for an order suspending certain actions enumerated in an attached schedule under *United States* v. *Ampex Corporation, Air Express Int'l Corp. et al,* C.A. 5441; and the motion is unopposed by the defendant. Plaintiff's motion is disposed of as follows:

The motion and the said actions are dismissed for prematurity by reason of the fact that in contravention of 19 U.S.C.A., section 1503(a) (section 503(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953) liquidation of the subject entries was not made upon a *final appraised value,* and as such, is void, liquidation in each instance having taken place within 60 days of the date of the appraiser's report. See *United States* v. *Boston Paper Board Co.,* 23 CCPA 372, T.D. 48233 (1936), and other cases cited in Memorandum to Accompany Order in *Lamb-Weston, Inc.* v. *United States,* protest 69/38803–10256, C.D. 4301, decided December 1, 1971. It is the duty of the regional commissioner of customs to liquidate the involved entries in the manner provided for by law so that plaintiff may file a valid protest against said entries if it be so advised.